UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABIA BETUL YILDIZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.: 26-CV-2863 JLS (VET)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Rabia Betul Yildiz's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner Rabia Betul Yildiz, a Kurdish citizen of Turkey, alleges that she has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since September 5, 2025. Pet. ¶ 1. Petitioner originally entered the United States on July 18,

2024, as an unaccompanied child and was released to the custody of her father.  Ret. at 2. Petitioner departed the United States and reentered as an adult without inspection in September 2025.  *Id.*  Petitioner was thereafter placed in removal proceedings and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Pet. ¶ 17.  She appealed an immigration judge's decision denying her relief, and the appeal remains pending before the Board of Immigration Appeals ("BIA").  *Id.*  While in detention, Petitioner has suffered from physical and mental health issues, including chronic back pain, anxiety, and depression.  *Id.* ¶ 19.   Petitioner now alleges that her prolonged detention violates the Due Process Clause of the Fifth Amendment.  *See generally* Pet.

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

**I.    Jurisdiction**

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claims arise from the decision to commence removal proceedings. Ret. at 4.  The Court disagrees.

26-CV-2863 JLS (VET)

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)).  Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at 997.  Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order.  Rather, Petitioner is challenging her prolonged detention without a bond hearing.  Traverse at 2.  Petitioner is enforcing her "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025).  Therefore, § 1252(g) does not strip the Court of jurisdiction.

**II.    Merits**

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d

3

1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established she is entitled to a bond hearing. Petitioner's length of detention, over eight months, without a bond hearing weighs in Petitioner's favor. Courts have found that detention of similar lengths without a bond hearing weighs in favor of finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that "there is no realistic indication that her proceeding will conclude in the near future." Traverse at 9. The Court agrees, as Petitioner's appeal to the BIA may take months, and any appeal to the Ninth Circuit thereafter may take years. *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest significant delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed

factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

**III.    Attorney's Fees**

Petitioner's counsel still requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412.  Pet at 20.  The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with a bond hearing <u>within fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance. The Government **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The Parties **SHALL** file a Joint Status Report by <u>June 16, 2026</u>, informing the Court of the outcome of the hearing or the status of the hearing if Petitioner requests a continuance.

26-CV-2863 JLS (VET)

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment. Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated: May 26, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2863 JLS (VET)